*935 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant was convicted, after a jury trial, of murder in the second degree and attempted murder in the second degree. He contends that the trial court committed reversible error when (1) it required him to appear throughout the trial before the jury in leg shackles and, (2) it failed to instruct the jurors to disregard the leg shackles.
Prior to voir dire, defense counsel requested that defendant’s handcuffs and leg irons be removed before defendant appeared before the jury panel. The trial court ruled "that at this point in time I will direct that the handcuffs be taken off. However, in view of the fact that Mr. Rouse has, according to counts [sic] in the paper, made two attempts to escape, there are at least five exits out of the courtroom and it would be — I just don’t think we have got the security on all five of them.”
We have stated that a defendant may not be physically restrained before the jury unless there is a reasonable basis, articulated on the record, for doing so (see, People v Mendola, 2 NY2d 270). Here, the court expressed its concerns with defendant’s escape attempts and the level of security in the courtroom. This evidence was sufficient to justify the court’s refusal to have defendant’s shackles removed.
Defendant contends, however, that the trial court erred when it failed to instruct the jurors to disregard his shackles even though he failed to request such an instruction. He relies upon People v Neu (124 AD2d 885), People v Mixon (120 AD2d 861) and People v Hart (112 AD2d 471).
Generally, if a defendant is required to appear in restraints before the jury the trial court should attempt to minimize the possibility of prejudice by instructing the jury to disregard the restraints (see, People v Palermo, 32 NY2d 222, 226). There are situations, however, where a defendant would not want the jury to be instructed in this regard. For example, a defendant might believe that the restraints were not particularly noticeable, especially if they were on the defendant’s feet under a table, and would not wish the court to call attention to them by giving an instruction (see, e.g., People v Tedesco, 143 AD2d 155, 159). Consequently, where a defendant fails to request an instruction regarding his restraints, a court is under no obligation to instruct the jury to disregard them.
*936 We have considered defendant’s remaining contentions and conclude they present no grounds for reversal.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.