■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FREEMAN, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 4, 1990, upon a verdict convicting defendant of the crimes of assault in the second degree and attempted assault in the second degree.

Defendant, an inmate at Elmira Correctional Facility in Chemung County, was indicted on one count of assault in the second degree and one count of attempted assault in the second degree for allegedly stabbing a correction officer, Daniel Flannigan, with a sharpened six-inch nail and for allegedly attempting to injure a fellow inmate with that nail. At defendant's trial, Flannigan testified that defendant struck him with the nail in the right elbow when Flannigan stepped in to try to stop a fight defendant was having with another inmate. Following the submission of all proof, the jury found defendant guilty of all charges. Defendant was sentenced as a second felony offender to concurrent prison terms of 3½ to 7 years on the first count and 2 to 4 years on the second count.* This appeal ensued.

There must be an affirmance. Initially, we reject defendant's

_____

* By operation of law, defendant's sentence must run consecutively to the undischarged portion of the 22-year to life sentence for murder in the second degree he was serving at the time of the crimes involved in this case (see, Penal Law § 70.25 [2-a]).

contention that he was deprived of a fair trial because he was restrained with leg chains during the trial. Although "a defendant may not be physically restrained before the jury unless there is a reasonable basis, articulated on the record, for doing so" *(People v Rouse,* 79 NY2d 934, 935; *see, People v Gonzalez,* 115 AD2d 899, 901, *appeal dismissed* 68 NY2d 995), such restraint is permissible "when necessary for reasons of security, to prevent disruption of the trial, harm to those in the courtroom, escape or release of the accused, or the commission of other crimes" *(People v Greiner,* 156 AD2d 813, 817, *lv denied* 75 NY2d 919). Here, the record indicates that County Court made an independent determination that leg restraints were necessary for valid security reasons. In light of defendant's violent criminal history and his assaultive behavior in prison (including the instant charges), there was clearly a reasonable basis for the restraints *(see, People v Rouse, supra; see also, People v Bosket,* 168 AD2d 833, 834, *lv denied* 77 NY2d 904). Notably, County Court attempted "to minimize the possibility of prejudice" by offering to instruct the jury to disregard the restraints *(see, People v Rouse, supra,* at 935), and defendant declined. Accordingly, we find no basis for reversal on this ground.

The remaining arguments advanced by defendant have been reviewed and have been found to be similarly without merit. A misbehavior report that defendant obtained prior to trial did not constitute improper *Rosario* material *(see, People v Rosario,* 9 NY2d 286, 289, *cert denied* 368 US 866) inasmuch as there was plenty of time for it to be reviewed by defendant and, in any event, was a " 'duplicative equivalent * * * of statements previously turned over to the defense' " *(People v Ranghelle,* 69 NY2d 56, 63, quoting *People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914; *see, People v Young,* 79 NY2d 365; *People v Payne,* 52 NY2d 743, 745). As for defendant's contention that County Court should have granted his request to charge the lesser included offense of attempted assault in the second degree with the first count of the indictment charging assault in the second degree, we disagree. In our view, County Court correctly determined that a reasonable view of the trial evidence did not warrant charging the lesser offense *(see, People v Glover,* 57 NY2d 61, 63; *People v Corcino,* 176 AD2d 1081, *lv denied* 79 NY2d 855) because the uncontradicted evidence indicated a completed assault on Flannigan.

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.