■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORRIS J. LLOYD, Appellant. [604 NYS2d 321] —Weiss, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 10, 1992, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant, the passenger in an automobile stopped by the City of Elmira Police in Chemung County, was charged with the possession of cocaine which was thrown from the vehicle at the stop. Defendant's sole argument on appeal is that he was deprived of the effective assistance of counsel. On this record we must disagree. Defendant was protected by a favorable *Ventimiglia* ruling *(People v Ventimiglia,* 52 NY2d 350) concerning police observations of his acts outside the tavern suggestive of drug transactions occurring shortly prior to the vehicle's stop. Nevertheless, defendant, who was admittedly wearing a basketball outfit without pockets, testified on direct examination that he had nothing in his hands when he left the bar, opening the door on cross-examination to matters related to the police observations. Defendant's answer, subsequently admitted to be untruthful as the result of a devastating cross-examination, is used as the basis to imply that his legal representation was less than adequate.

Initially, it must be observed that an honest answer to a troublesome question would have prevented the chain of questions on cross-examination from which defendant was otherwise protected. Accordingly, it was the untruthful answer, not the question, that created the situation of which defendant complains. Likewise, it was the untruthful answer which prevented defense counsel from further developing that line of direct questioning concerning defendant's departure from the bar. That the question may have been without thought, plan or purpose is neither suggested nor developed within this record. To the contrary, when viewed in its entirety, the record reveals that the attorney provided a vigorous and meaningful defense *(see, People v Baldi,* 54 NY2d 137, 147; *see also, Strickland v Washington,* 466 US 668, 694).

Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.