■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN K. HOUK, Appellant. [636 NYS2d 237] —Judgment unani-

mously affirmed. Memorandum: Defendant contends that he was denied the right to be present at a material stage of the proceeding when he was excluded from a pretrial bench conference on his request for substitution of counsel. Because the record shows that the bench conference involved only questions of law or internal procedures of the Public Defender's Office, defendant's presence was not required *(see, People v Rodriguez,* 85 NY2d 586, 590, 591; *see also, People v Williams,* 85 NY2d 945; *People v Velasco,* 77 NY2d 469, 472). Moreover, the contention of defendant is academic because his request was granted.

Defendant further contends that reversal is warranted based on County Court's refusal to grant defense counsel's request for an adjournment of the trial. A determination whether to grant an adjournment is ordinarily within the sound discretion of the trial court *(see, Matter of Anthony M.,* 63 NY2d 270, 283-284; *People v Singleton,* 41 NY2d 402, 405). Because defense counsel already had an attorney-client relationship with defendant and had over 30 days to prepare the defense, we conclude that the court did not abuse its discretion in denying the request for an adjournment *(see generally, People v Arroyave,* 49 NY2d 264, 272-273; *People v Singleton, supra; People v Reynolds,* 39 AD2d 812, 813).

We reject the contention that defendant was deprived of a fair trial because he was restrained by leg shackles during trial. There was a reasonable basis for the shackles articulated in the record and, therefore, the court's determination to restrain defendant did not constitute an abuse of discretion *(see, People v Rouse,* 79 NY2d 934; *People v Mendola,* 2 NY2d 270, 275; *People v Johnston,* 147 AD2d 589, 590, *lv denied* 74 NY2d 665). Furthermore, defendant was not unduly prejudiced by the shackles because the court took appropriate steps to minimize their visibility in the jury's presence *(see, People v Bailey,* 205 AD2d 789, *lv denied* 84 NY2d 822; *People v Young,* 185 AD2d 369, 370, *lv denied* 80 NY2d 935; *People v Tedesco,* 143 AD2d 155, 159, *lv denied* 73 NY2d 860).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Livingston County Court, Wiggins, Jr., J.—Rape, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.