■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS McCULLIN, Appellant. [670 NYS2d 459] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered May 5, 1995, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 22 years to life, 5 to 15 years and $2\frac{1}{3}$ to 7 years, respectively, unanimously affirmed.

The court appropriately exercised its discretion in denying defendant's request for a mid-trial out-of-court identification procedure with respect to a witness who had not made a pre-trial identification but would identify defendant as the person he saw duck under a parked trailer truck, or, in the alternative, to locate and invite into the courtroom individuals having some resemblance to defendant, since the in-court identification in question constituted merely one identification factor to be considered by the jury. Additional evidence consisted of eyewitness testimony that defendant was the only individual

observed fleeing from the scene immediately after the shooting and attempting to evade pursuers by hiding under a truck and discarding various items of clothing, as well as defendant's confession (*see, People v Benjamin*, 155 AD2d 375, *lv denied* 75 NY2d 867).

The record indicates that the court properly found a sitting juror to be unavailable for continued service because of the juror's observed inattentiveness during the trial proceedings, as well as his failure to appear in the courtroom as promised, which not only presented a scheduling problem, but also supported the court's conclusion that the juror was not able to give his full attention to the trial proceedings because of his preoccupation with the circumstances presented by his mother's sudden death. Thus, the court appropriately exercised its discretion in dismissing the juror after making appropriate inquiry and placing on the record the reasons for invoking the provisions of CPL 270.35 authorizing dismissal of a sworn juror as unavailable for continued service (*see, People v Velasquez*, 171 AD2d 825, *lv dismissed* 89 NY2d 1042). Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.