■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGG S. TUCKER, Appellant. [690 NYS2d 799] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, he was not deprived of his constitutional right to be present at all stages of his trial. Despite being warned of the importance of being present in the courtroom,

defendant repeatedly insisted that he did not wish to remain and thus waived his right to be present. In addition, defendant forfeited the right to be present by engaging in disruptive behavior (*see, People v Lewis*, 231 AD2d 919, *lv denied* 89 NY2d 1096; *see also, People v Byrnes*, 33 NY2d 343, 349-350; *People v Gloster*, 175 AD2d 258, *lv denied* 78 NY2d 1011). In the absence of a showing of good cause, defendant was not deprived of his right to counsel by County Court's refusal to assign him a third successive attorney just prior to voir dire (*see, People v Sawyer*, 57 NY2d 12, 18-19, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178; *People v Herbert*, 251 AD2d 754, *lv denied* 92 NY2d 983; *People v Garcia*, 250 AD2d 421, *lv denied* 92 NY2d 897).

The prosecutor's peremptory challenges to two black jurors did not violate defendant's constitutional right to equal protection under *Batson v Kentucky* (476 US 79). The prosecutor's explanations for the challenges were race-neutral and were not pretextual (*see, People v Hernandez*, 75 NY2d 350, 356-358, *affd* 500 US 352; *People v Wint*, 237 AD2d 195, 198, *lv denied* 89 NY2d 1103; *People v Anaya*, 206 AD2d 380, *lv denied* 84 NY2d 865).

The court articulated a reasonable basis for requiring defendant to remain in handcuffs during a portion of the trial and thus acted within its discretion in restraining defendant (*see, People v Rouse*, 79 NY2d 934; *People v Houk*, 222 AD2d 1074, 1075; *People v Freeman*, 184 AD2d 864, *lv denied* 80 NY2d 903). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Mischief, 3rd Degree.) Present—Denman, P. J., Green, Pine, Hayes and Hurlbutt, JJ.