THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD F. WHITFIELD, Appellant. [713 NYS2d 584] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a bench trial of robbery in the first degree (Penal Law §§ 20.00, 160.15 [2]) and conspiracy in the fourth degree (Penal Law § 105.10 [1]) in connection with the robbery of the mini-mart where he was employed. County Court did not violate defendant's constitutional right to counsel by denying defendant's motion for substitution of counsel on the day of the trial. Defense counsel advised the court that he acknowledged defendant's right to waive a jury trial, but that he disagreed with defendant's decision as a matter of trial strategy, and defendant requested new counsel because of that disagreement. Defendant did not provide the court with any further explanation. Thus, the court properly determined that defendant failed to demonstrate good cause for substitution of counsel (see, People v Sawyer, 57 NY2d 12, 18-19, rearg dismissed 57 NY2d 776, cert denied 459 US 1178; People v Anthony, 270 AD2d 837; People v Tucker, 261 AD2d 877, 878, lv denied 94 NY2d 830).

We reject defendant's contention that the court erred in refusing to recuse itself on the ground that the court had presided when two codefendants entered guilty pleas. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal. * * * When the alleged impropriety arises from information derived during the performance of the court's adjudicatory function, then recusal could surely not be directed as a matter of law. A court's decision in this respect may not be overturned unless it was an abuse of discretion" (People v Moreno, 70 NY2d 403, 405-406), and here there was no abuse of discretion (see, People v Bennett, 238 AD2d 898, 899-900, lv denied 90 NY2d 855, 890, cert denied 524 US 918).

Defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Seneca County Court, Bender, J.—Robbery, 1st Degree.) Present—Green, J. P., Hayes, Wisner, Scudder and Lawton, JJ.