■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE RUSH, Appellant. [815 NYS2d 127]—Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered May 20, 2003, convicting him of burglary in the first degree, robbery in the first degree (two counts), robbery in the second degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, criminal possession of a weapon in the second degree, grand larceny in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves to be relieved of the assignment to prosecute the appeal.

Ordered that the motion is granted, and Martin Geoffrey Goldberg, Esq., is relieved as the attorney for the defendant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven Feldman, Esq., 626 EAB Plaza, West Tower-6th Floor, Uniondale, N.Y., 11556, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the respondent shall serve and file its brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including the typewritten

stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist with respect to, inter alia, whether an out-of-court statement was admitted in violation of *Crawford v Washington* (541 US 36 [2004]) and whether there was a reasonable basis articulated on the record for physically restraining the defendant before the jury (*see People v Goldstein*, 6 NY3d 119 [2005], *petition for cert filed* 74 USLW 3544 [No. 05-1193, Mar. 16, 2006]; *People v Hardy*, 4 NY3d 192 [2005]; *People v Rouse*, 79 NY2d 934 [1992]). Accordingly, assignment of new counsel is warranted (*see Anders v California, supra; People v Stokes*, 95 NY2d 633 [2001]; *People v Vasquez*, 70 NY2d 1 [1987]). Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.