■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOSE ORTIZ, Appellant. [903 NYS2d 399]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez,
J.), rendered March 5, 2008, as amended May 29, 2008, convict-

ing defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to concurrent terms of five years, unanimously affirmed.

The court properly exercised its discretion when it permitted an undercover officer to testify anonymously, identifying himself only by his shield number. The People's showing of an overriding interest justifying closure of the courtroom also satisfied the People's burden, under *People v Waver* (3 NY3d 748 [2004]), of establishing a need for anonymity. The officer articulated particular concerns for his safety as a result of his continuing undercover operations. These included investigations into large-scale drug trafficking that was likely to be connected to the Bronx, notwithstanding the officer's current assignment in Queens. While defendant argues that testifying under a shield number enhanced the officer's credibility and suggested to the jury that defendant was dangerous, he rejected the court's offer to provide a suitable curative instruction that would have minimized any such prejudice. To the extent defendant is also claiming that the court's ruling unconstitutionally impaired his ability to cross-examine the officer, that claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see United States v Rangel*, 534 F2d 147, 148 [9th Cir 1976], *cert denied* 429 US 854 [1976]).

Defendant's unelaborated objections failed to preserve his present challenge to the chain of custody of the drugs, and we decline to review it in the interest of justice. As an alternative holding, we reject this claim, since the evidence provides a reasonable assurance of the identity and unchanged condition of the drugs (*see People v Julian*, 41 NY2d 340 [1977]).

We perceive no basis for reducing the sentence. Concur—Saxe, J.P., Friedman, Nardelli, Moskowitz and Richter, JJ.