■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNAL JORDAN, Appellant. [947 NYS2d 108]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J., at suppression hearing; Roger S. Hayes, J., at jury trial and sentencing), rendered May 8, 2009, convicting defendant of two counts each of robbery in the first and second degrees, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

The record supports the court's determination that, notwithstanding an identification procedure suppressed by the court, the victim had an independent source for his identification of defendant (see Neil v Biggers, 409 US 188, 199-200 [1972]; People v Williams, 222 AD2d 149 [1996], lv denied 88 NY2d 1072 [1996]). The victim's attention was drawn to defendant before the robbery, he observed defendant under good lighting conditions, at close range, for a significant period of time, and he gave a detailed description of defendant that included a distinctive physical feature.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's reasons for not seeking to reopen the hearing (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).

Defendant was originally charged with two other robberies, and was identified by the complainants in those crimes in the same lineup employed in this case. Defendant argues that defense counsel was ineffective because he failed to move to reopen the Wade hearing after new evidence—DNA evidence in one instance and the statement of a participant in the crime in the other—led prosecutors to dismiss the charges in the other cases. Even assuming that it would have been sound strategy for counsel to afford the court the opportunity to revisit the issue, defendant has not established a reasonable probability that pursuing this course would have led to suppression of the identification.

Independent source analysis turns on the particular circumstances under which a particular witness observed the perpetrator. Contrary to defendant's suggestion, the demonstration that defendant was misidentified by witnesses to other crimes in a lineup common to this case does not compel the conclusion that the identification here was the product of undue suggestiveness. Indeed, in one of the dismissed cases, the complaining witness identified defendant in a lineup even though—unlike the victim in this case—she was neither exposed to a suggestive showup nor told, after picking defendant's photograph, that she had picked out the suspect. This highlights that the identification in this case was not necessarily the product of unconstitutional suggestiveness. Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.