# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1200

KA 09-01058

PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

GREGORY HARVEY, DEFENDANT-APPELLANT.

---

JOHN A. HERBOWY, ROME, FOR DEFENDANT-APPELLANT.

GREGORY HARVEY, DEFENDANT-APPELLANT PRO SE.

JEFFREY S. CARPENTER, ASSISTANT DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered June 14, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, assault in the third degree and unlawful imprisonment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), assault in the third degree (§ 120.00 [1]), and unlawful imprisonment in the second degree (§ 135.05). We reject the contention of defendant that County Court erred in keeping him shackled during trial. The court ordered defendant to wear shackles at trial after conducting a hearing on the issue and making "findings on the record" concerning the necessity for such restraints (*People v Buchanan*, 13 NY3d 1, 4). We conclude that the court's articulated concern with the level of security in the courtroom and courtroom decorum, based on defendant's prior conduct, justified the court's decision to keep defendant shackled during trial (*see People v Rouse*, 79 NY2d 934, 935). The court minimized the possibility of prejudice by instructing the jury, during its preliminary instructions, to disregard the restraints (*see id.*).

Upon our review of the record, we further conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Moreover, although a finding that defendant did not commit the crimes of which he was convicted would not have been unreasonable (*see generally id.*), we conclude that, upon viewing the evidence in light of the elements of the crimes as charged to the jury, it cannot be said that the jury

failed to give the evidence the weight it should be accorded (*see generally People v Danielson*, 9 NY3d 342, 349).  We further conclude that the sentence is not unduly harsh or severe.  Finally, we have considered the contentions raised by defendant in his pro se supplemental brief and conclude that none warrants modification or reversal of the judgment.