█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODY B. GILLETT, Appellant. [963 NYS2d 906]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 21, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]). Defendant's contention that County Court erred in failing to conduct a hearing on his challenge to the voluntariness of his statements to the police does not survive his guilty plea. "A guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings" (*People v Fernandez*, 67 NY2d 686, 688 [1986]), and the exception set forth in CPL 710.70 (2) does not apply here because defendant pleaded guilty before the court issued a decision on his suppression motion (*see generally People v Elmer*, 19 NY3d 501, 507-508 [2012]). Defendant's challenge to the legal sufficiency of the evidence before the grand jury with respect to the third count of the indictment likewise does not survive the guilty plea (*see People v Smith*, 28 AD3d 1202, 1202 [2006], *lv denied* 7 NY3d 818 [2006]; *see generally People v Iannone*, 45 NY2d 589, 600-601 [1978]). Finally, defendant's contention that he was denied effective assistance of counsel "does not survive his guilty plea . . . because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Dean*, 48 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 839 [2008] [internal quotation marks omitted]). Present—Scudder, P.J., Peradotto, Lindley, Valentino and Martoche, JJ.