# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1159**
**KA 12-01728**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

WILLIE CARSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered July 23, 2012.  The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, attempted robbery in the first degree and attempted robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the first degree (Penal Law § 140.30 [4]), attempted robbery in the first degree (§§ 110.00, 160.15 [4]) and attempted robbery in the second degree (§§ 110.00, 160.10 [1]).  Contrary to defendant's contention, County Court properly refused to suppress a witness's in-court identification of him.  It is well settled that, "even when an identification is the product of a suggestive pretrial identification procedure, a witness will nonetheless be permitted to identify a defendant in court if that identification is based upon an independent source" (*People v Campbell*, 200 AD2d 624, 625, *lv denied* 83 NY2d 869; *see People v Wilson*, 43 AD3d 1409, 1410, *lv denied* 9 NY3d 994).  Here, after conducting a hearing and reviewing the appropriate factors (*see Neil v Biggers*, 409 US 188, 199-200; *People v Lopez*, 85 AD3d 1641, 1641, *lv denied* 17 NY3d 860), the court properly concluded that the People established by clear and convincing evidence that the victim's observations of defendant during the commission of the crime provided an independent basis for the in-court identification (*see People v Young*, 20 AD3d 893, 893-894, *affd* 7 NY3d 40; *People v Small*, 110 AD3d 1106, 1106-1107, *lv denied* 22 NY3d 1043; *People v Jordan*, 96 AD3d 640, 640, *lv denied* 19 NY3d 1027).

Defendant further contends that the police lieutenant who stopped

him lacked probable cause to arrest him or reasonable suspicion to detain him, and that the court therefore erred in refusing to suppress all evidence flowing from that detention. We reject that contention. It is well settled that a police officer has reasonable suspicion to detain a suspect and transport him or her to the scene of a crime where the stop occurs close in time and location to the crime (*see People v Brisco*, 99 NY2d 596, 600; *People v Hicks*, 68 NY2d 234, 239-240). Here, the evidence at the hearing establishes that the lieutenant saw defendant running across a street three blocks from the scene of the crime, in the same direction in which the broadcast indicated that the suspects were fleeing. The lieutenant testified that, at the time when she first saw defendant running, the broadcast indicated that a crime was in progress, and defendant's description, i.e., a black male wearing blue jeans, was consistent with the broadcast description of the suspects. Contrary to defendant's contention, the slight variance between the T-shirt he was wearing at the time of the stop and the hooded sweatshirt that, according to the broadcast, the suspect was wearing does not require suppression inasmuch as the stop was in temporal and spatial proximity to the broadcast and the majority of the identifying factors were present (*see People v Richardson*, 70 AD3d 1327, 1328, *lv denied* 15 NY3d 756; *see also People v Balkum*, 71 AD3d 1594, 1595-1596, *lv denied* 14 NY3d 885). Furthermore, the lieutenant was aware that the suspects had been running through back yards in an attempt to escape from the pursuing officers and civilians, and it is not remarkable that a fleeing suspect would discard his outer clothing in an attempt to avoid pursuit (*see e.g. People v Foster*, 85 NY2d 1012, 1013; *People ex rel. Gonzalez v Warden of Anna M. Cross Ctr.*, 79 NY2d 892, 894; *People v McCullin*, 248 AD2d 277, 277-278, *lv denied* 92 NY2d 928). Finally, the lieutenant "had probable cause to arrest defendant after the victim identified him during the showup identification procedure" (*People v Dumbleton*, 67 AD3d 1451, 1452, *lv denied* 14 NY3d 770; *see People v Samuels*, 113 AD3d 1117, 1118, *lv denied* 24 NY3d 964; *People v Jackson*, 78 AD3d 1685, 1686, *lv denied* 16 NY3d 743).

Defendant also contends that his conviction is not supported by legally sufficient evidence because the evidence fails to establish that he was one of the perpetrators of the crimes. Viewing the evidence in the light most favorable to the People (*see People v Williams*, 84 NY2d 925, 926), we conclude that it is legally sufficient to establish defendant's identity, and thus to support the conviction of the crimes charged (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Although defendant contends that the victims and the codefendant who testified against him were not credible, we note that "[r]esolution of issues of credibility, as well the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we see no reason to disturb the jury's resolution of those issues.

Defendant further contends that he was deprived of due process by prosecutorial misconduct during summation.  Defendant objected to six instances of alleged misconduct during the prosecutor's summation, and the court sustained those objections.  The court also gave curative instructions on two occasions.  Defendant raises issues on appeal with respect to, inter alia, five of those alleged instances of misconduct to which he objected.  "Following the Trial Judge's curative instructions, defense counsel neither objected further, nor requested a mistrial.  Under these circumstances, the curative instructions must be deemed to have corrected the error[s] to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944; *see People v Medina*, 53 NY2d 951, 953; *People v Wallace*, 59 AD3d 1069, 1071, *lv denied* 12 NY3d 861).  Defendant did not object to the remaining instances of alleged misconduct during summation that he now challenges on appeal, and thus failed to preserve his current contentions for our review (*see People v James*, 114 AD3d 1202, 1206-1207, *lv denied* 22 NY3d 1199; *People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, the court properly denied his motion pursuant to CPL 330.30 (2) to set aside the verdict based on alleged juror misconduct.  Pursuant to that statute, the court is authorized to set aside a verdict if, "during the trial there occurred, out of the presence of the court, improper conduct by a juror, or improper conduct by another person in relation to a juror, which may have affected a substantial right of the defendant and which was not known to the defendant prior to the rendition of the verdict" (*id.*).  At a hearing on such a motion, "the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion" (CPL 330.40 [2] [g]).  Here, defendant failed to establish that there was improper conduct by the juror at issue inasmuch as he failed to establish by a preponderance of the evidence that the juror knew before or during the trial that one of defendant's trial attorneys represented the opposing party in the juror's Family Court proceeding.  Defendant thus failed to demonstrate that there was misconduct by a juror that "may have affected a substantial right of the defendant" (CPL 330.30 [2]; *see People v Richardson*, 185 AD2d 1001, 1002, *lv denied* 80 NY2d 976; *cf. People v Brown*, 48 NY2d 388, 393-394).

The sentence is not unduly harsh or severe.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court