■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN DEWITT, Appellant. [3 NYS3d 585]—Judgment, Supreme Court, Bronx County (Doris M. Gonzalez, J.), rendered November 15, 2011, as amended December 20, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of six years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made after an undercover officer testified that defendant told him that "he had just got out of jail." The court gave curative instructions that were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]), and that the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

The court properly exercised its discretion in declining to or-

der a competency examination of defendant pursuant to CPL article 730 (*see Pate v Robinson*, 383 US 375 [1966]; *People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878 [1995]). When the court learned that defendant may have had a psychiatric history, it conducted a sufficient inquiry of defendant and his counsel, and correctly determined that no examination was necessary. Neither defendant's trial testimony, nor anything else in the record, casts doubt on defendant's ability to understand the proceedings or assist in his defense.

The People's demonstration at the *Hinton* hearing (*People v Hinton*, 31 NY2d 71 [1972]) of an overriding interest in courtroom closure also satisfied the People's burden under *People v Waver* (3 NY3d 748 [2004]) of establishing the need for the undercover officer to testify anonymously (*see e.g. People v Ortiz*, 74 AD3d 672 [1st Dept 2010], *lv denied* 15 NY3d 894 [2010]). We have considered and rejected defendant's arguments to the contrary. Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.