# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1227**

**KA 13-01904**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

BRENDA M. NEWKIRK, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

BRENDA M. NEWKIRK, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered August 15, 2013. The judgment convicted defendant, upon her plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her guilty plea of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contentions in her main and pro se supplemental briefs that County Court abused its discretion in denying her request to withdraw the guilty plea. " 'Permission to withdraw a guilty plea rests solely within the court's discretion . . . , and refusal to permit withdrawal does not constitute an abuse of that discretion unless there is some evidence of innocence, fraud, or mistake in inducing the plea' " (*People v Pillich*, 48 AD3d 1061, 1061, *lv denied* 11 NY3d 793). Although defendant contends in her main brief that she was innocent, the record establishes that she admitted the elements of murder in the second degree during the plea allocution and did not make any claim to the court at that time that she was innocent (*see People v Hobby*, 83 AD3d 1536, 1536, *lv denied* 17 NY3d 859; *People v Sparcino*, 78 AD3d 1508, 1509, *lv denied* 16 NY3d 746). Defendant's contention in her pro se supplemental brief that defense counsel coerced her into pleading guilty "is belied by defendant's statement during the plea colloquy that the plea was not the result of any threats, pressure or coercion" (*People v Campbell*, 62 AD3d 1265, 1266, *lv denied* 13 NY3d 795; *see Sparcino*, 78 AD3d at 1509).

Defendant further contends in her main and pro se supplemental briefs that her plea was not knowingly, intelligently, or voluntarily entered. We reject that contention. "Although the initial statements

of defendant during the factual allocution may have negated the essential element of [her] intent to cause death, [her] further statements removed any doubt regarding that intent" (*People v Trinidad*, 23 AD3d 1060, 1061, *lv denied* 6 NY3d 760; *see People v Theall*, 109 AD3d 1107, 1108, *lv denied* 22 NY3d 1159).

Contrary to defendant's contention in her pro se supplemental brief, she was not deprived of the effective assistance of counsel. Defendant received an advantageous plea, and "nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404; *see People v Pitcher*, 126 AD3d 1471, 1473, *lv denied* 25 NY3d 1169).

Defendant's challenge in her pro se supplemental brief to the sufficiency of the evidence before the grand jury is forfeited by her guilty plea (*see People v Milliman*, 122 AD3d 1437, 1438; *People v Dickerson*, 66 AD3d 1371, 1372, *lv denied* 13 NY3d 859), as is her challenge to evidentiary errors during the grand jury proceeding (*see People v Hansen*, 95 NY2d 227, 231).

Defendant's contention in her pro se supplemental brief that the People failed to disclose *Brady* material survives her guilty plea (*see People v DeLaRosa*, 48 AD3d 1098, 1098-1099, *lv denied* 10 NY3d 861), but we nevertheless conclude that her contention is without merit inasmuch as she has failed to identify any evidence that was not disclosed (*see generally People v Johnson*, 60 AD3d 1496, 1497, *lv denied* 12 NY3d 926; *People v Terry*, 19 AD3d 1039, 1040, *lv denied* 5 NY3d 833).

Defendant contends in her pro se supplemental brief that the court should have granted her motion to suppress her statements and evidence seized during the search of her computer. We conclude that those contentions were forfeited by defendant's guilty plea inasmuch as she "pleaded guilty before the court issued a decision on [her] suppression motion" (*People v Gillett*, 105 AD3d 1444; *see* CPL 710.70 [2]). We reject defendant's contention in her pro se supplemental brief that the sentence is unduly harsh and severe.

Finally, we have reviewed the remaining contentions in defendant's pro se supplemental brief and, to the extent that they are properly before us in the context of defendant's guilty plea, we conclude that they are without merit.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court