# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**410**

**KA 12-00898**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

MARLAND D. BROOKS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARLAND D. BROOKS, DEFENDANT-APPELLANT PRO SE.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered March 19, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, robbery in the first degree, robbery in the third degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and robbery in the first degree (§ 160.15 [2]). The record establishes that defendant and his girlfriend were social visitors to the victim's home when an altercation broke out between defendant and the victim. During the altercation, defendant inflicted two stab wounds to the victim's chest that ultimately caused his death. The People also presented evidence that defendant reached into the victim's pocket and took his wallet as defendant and his girlfriend left the scene after the stabbing. Defendant raised the defense of justification at trial, and he testified on his own behalf that the victim initiated the altercation by charging at him with a knife.

We reject defendant's contention that County Court erred in directing that he be restrained with a stun belt during trial. A trial court has "broad discretion" in deciding whether a restraint is necessary for security reasons as long as it conducts a sufficient inquiry into the relevant facts and "makes findings on the record showing that the particular defendant before [it] needs such a restraint" (*People v Buchanan*, 13 NY3d 1, 4). We conclude that the

court acted within its discretion in ordering the use of a stun belt here based on defendant's criminal history and his alleged assault of a guard while in jail awaiting trial (*see People v Harvey*, 100 AD3d 1451, 1451, *lv denied* 21 NY3d 943; *People v Freeman*, 184 AD2d 864, 864-865, *lv denied* 80 NY2d 903; *see generally Buchanan*, 13 NY3d at 4). We reject defendant's further contention that he was denied a fair trial by his girlfriend's testimony, on direct examination by the prosecutor, that defendant had "just gotten out of jail" shortly before the crimes were committed. The court struck that testimony in response to defendant's objection and gave curative instructions that were sufficient to alleviate any prejudice (*see People v Santiago*, 52 NY2d 865, 866; *People v Dewitt*, 126 AD3d 579, 579).

Defendant failed to preserve for our review his contention that the verdict is repugnant inasmuch as he did not object to the verdict on that ground before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987; *People v Spears*, 125 AD3d 1400, 1401, *lv denied* 25 NY3d 1172). In any event, we conclude that the verdict is not repugnant because defendant's acquittal of felony murder and robbery in the first degree pursuant to Penal Law § 160.15 (1) was not "conclusive as to a necessary element" of any of the crimes of which he was convicted (*People v Tucker*, 55 NY2d 1, 7, *rearg denied* 55 NY2d 1039; *see People v Lamont*, 113 AD3d 1069, 1072, *affd* 25 NY3d 315). Where "there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant" (*People v Muhammad*, 17 NY3d 532, 540), and it is theoretically possible for a person to commit intentional murder and robbery in the first degree pursuant to section 160.15 (2), but not felony murder or robbery in the first degree pursuant to section 160.15 (1). For instance, a person could intentionally inflict fatal injuries on his or her victim without contemporaneous intent to commit a robbery, and then forcibly steal property from the dying victim while armed with a deadly weapon—a scenario that is consistent with the evidence and jury charge in this case.

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Carbonaro*, 134 AD3d 1543, 1544). In any event, we conclude that the evidence, when viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that defendant's actions were not justified (*see People v Folger*, 292 AD2d 841, 842, *lv denied* 98 NY2d 675), and that he forcibly stole property from the victim while the victim was still alive (*see generally People v Gerena*, 49 AD3d 1204, 1206, *lv denied* 10 NY3d 958). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The challenges defendant raises on appeal to his girlfriend's credibility were matters for the jury to determine, and we see no reason to disturb its verdict (*see People v Carson*, 122 AD3d 1391, 1393, *lv denied* 25 NY3d 1161).

Defendant failed to object to any of the prosecutor's allegedly improper summation comments, and thus failed to preserve for our review his contention that those comments deprived him of a fair trial (see CPL 470.05 [2]; *People v Rumph*, 93 AD3d 1346, 1347, *lv denied* 19 NY3d 967). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We conclude that the claims of ineffective assistance of counsel in defendant's main brief are without merit. Defense counsel was not ineffective in failing to object to the verdict as repugnant inasmuch as the objection would have been meritless (see *Lamont*, 113 AD3d at 1072; *see generally People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702), and counsel was not at fault for defendant's testimony that opened the door to otherwise precluded questioning about a prior robbery conviction. Counsel "should not have had to anticipate" that defendant would misrepresent his criminal history in response to a question whether he was cooperative with the police when giving a DNA sample in connection with the instant crimes (*People v Long*, 307 AD2d 647, 648; *see People v Lloyd*, 199 AD2d 573, 574, *lv denied* 83 NY2d 807).

Defendant further contends that the People violated their *Brady* obligation by failing to accurately disclose the terms of his girlfriend's cooperation agreement. The agreement disclosed to the defense and testified to by defendant's girlfriend at trial provided that she would plead guilty to robbery in the first degree and receive a 10-year sentence of imprisonment. Defendant's girlfriend entered her plea after defendant's trial, and her plea transcript, which is attached to defendant's brief, shows that she pleaded guilty to attempted robbery in the first degree with the understanding that her sentence of imprisonment would be "no more than" 10 years. She later received a 7½-year sentence of imprisonment. Even assuming that the transcripts of his girlfriend's plea and sentencing are properly before us, we conclude that defendant has not established that there was a *Brady* violation. Those transcripts are not inconsistent with the People's position that the agreement disclosed to the defense was the one in place at the time of trial, and that the People simply decided to give defendant's girlfriend a more favorable plea deal after the trial ended (see *People v Patchen*, 46 AD3d 1112, 1114, *lv denied* 10 NY3d 814), in which case there was no item of evidence that should have been disclosed and was not (see *generally People v Newkirk*, 133 AD3d 1364, 1365, *lv denied* 26 NY3d 1148; *People v Jenkins*, 84 AD3d 1403, 1406, *lv denied* 19 NY3d 1026). To the extent that defendant contends that the People did not fully disclose the terms of his girlfriend's cooperation agreement, or that she was aware at the time of trial that she could improve her plea deal through her testimony, those contentions involve matters outside the record and thus must be raised by a motion pursuant to CPL article 440 (see *People v Jefferson*, 125 AD3d 1463, 1464-1465, *lv denied* 25 NY3d 990). The sentence is not unduly harsh or severe.

Defendant contends in his pro se supplemental brief that the court erred in failing to instruct the jury to consider his girlfriend's crack cocaine intoxication at the time of the events

underlying this case in evaluating her credibility.  That contention is not preserved for our review because defendant never requested such an instruction (*see generally People v Lipton*, 54 NY2d 340, 351), and we conclude in any event that the proposition in question was adequately conveyed to the jury by the court's general instruction on witness credibility (*see People v Dunston*, 100 AD3d 769, 770, *lv denied* 20 NY3d 1098).  As a result, we reject defendant's related pro se contention that he was deprived of effective assistance of counsel by his attorney's failure to request a jury instruction concerning his girlfriend's intoxication (*see generally People v Tyler*, 43 AD3d 633, 634-635, *lv denied* 9 NY3d 1010).

Entered:  May 6, 2016                        Frances E. Cafarell
                                             Clerk of the Court