■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS R. OSWOLD, Appellant. [55 NYS3d 568]—Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered February 11, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree and perjury in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and perjury in the first degree (§ 210.15). Contrary to defendant's contention, we conclude that he knowingly, voluntarily and intelligently waived his right to appeal (*see generally People v Sanders*, 25 NY3d 337, 340-341 [2015]), and thus defendant's challenge to the factual sufficiency of the plea allocution is encompassed by his waiver of the right to appeal (*see People v McCrea*, 140 AD3d 1655, 1655 [2016], *lv denied* 28 NY3d 933 [2016]). Moreover, defendant failed to preserve that challenge for our review inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction on that ground (*see People v Lopez*, 71 NY2d 662, 665 [1988]). In any event, "the plea allocution as a whole establishes that 'defendant understood the charges and made an intelligent decision to enter a plea' " (*People v Keitz*, 99 AD3d 1254, 1255 [2012], *lv denied* 20 NY3d 1012 [2013], *denied reconsideration* 21 NY3d 913 [2013], quoting *People v Goldstein*, 12 NY3d 295, 301 [2009]). Defendant's challenge to the legal sufficiency of the evidence before the grand jury with respect to the perjury count does not

survive the guilty plea (*see People v Gillett*, 105 AD3d 1444, 1445 [2013]; *People v Lawrence*, 273 AD2d 805, 805 [2000], *lv denied* 95 NY2d 867 [2000]), nor does his challenge to the sufficiency of the factual allegations in the indictment with respect to that count (*see People v Guerrero*, 28 NY3d 110, 116 [2016]; *Lawrence*, 273 AD2d at 805; *People v Holt*, 173 AD2d 644, 645 [1991]). Present—Whalen, P.J., Smith, Carni, Curran and Scudder, JJ.