People v Scarbrough (2018 NY Slip Op 04216)





People v Scarbrough


2018 NY Slip Op 04216


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


711 KA 16-02262

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LESTER SCARBROUGH, DEFENDANT-APPELLANT. 






ROBERT M. GRAFF, LOCKPORT, FOR DEFENDANT-APPELLANT.
LESTER SCARBROUGH, DEFENDANT-APPELLANT PRO SE.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered February 17, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]). Contrary to defendant's contention in his main and pro se supplemental briefs, we conclude that his waiver of the right to appeal is valid (see generally People v Lopez, 6 NY3d 248, 256 [2006]). "The plea colloquy, together with the written waiver of the right to appeal, adequately apprised defendant that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Williams, 132 AD3d 1291, 1291 [4th Dept 2015], lv denied 26 NY3d 1151 [2016]; see People v Weinstock, 129 AD3d 1663, 1663 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]; People v Smith, 122 AD3d 1300, 1301 [4th Dept 2014], lv denied 25 NY3d 1172 [2015]). Defendant's challenge in his main and pro se supplemental briefs to the legal sufficiency of the evidence before the grand jury does not survive either his guilty plea (see People v Hansen, 95 NY2d 227, 232 [2000]; People v Oswold, 151 AD3d 1756, 1756-1757 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]), or his valid waiver of the right to appeal (see People v Oliveri, 49 AD3d 1208, 1208 [4th Dept 2008]). Defendant's contention in his main and pro se supplemental briefs that defense counsel was ineffective for failing to afford him an opportunity to testify before the grand jury and for failing to conduct a thorough investigation also does not survive either his guilty plea or his valid waiver of the right to appeal (see People v Grandin, 63 AD3d 1604, 1604 [4th Dept 2009], lv denied 13 NY3d 744 [2009]). We further conclude that defendant's valid waiver of the right to appeal encompasses his challenge in his main and pro se supplemental briefs to the severity of the sentence (see People v Cochran, 156 AD3d 1474, 1474 [4th Dept 2017], lv denied 30 NY3d 1114 [2018]; People v Oberdorf, 136 AD3d 1291, 1292 [4th Dept 2016], lv denied 27 NY3d 1073 [2016]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court