■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEYTON BROWN, Appellant.—Judgment, Supreme Court, New York County (Joseph Cerbone, J.), rendered December 7, 1989, convicting defendant, after a jury trial, of attempted robbery

in the first degree and sentencing him to an indeterminate term of imprisonment of from 5 to 15 years, unanimously affirmed.

Defendant entered a bakery and asked the manager for a meat patty. After the manager gave defendant the patty and opened the cash register, defendant pointed a gun at the manager and told her to give him money. The manager declined to do so, slammed the register shut and left that area of the store. Returning a few minutes later and finding defendant had left, she called the police. Shortly thereafter, defendant was apprehended near the bakery by two officers who had heard defendant's description over their radio. The defendant was brought back to the bakery and identified by the complainant. The arresting officers returned to the street where they had apprehended defendant and found the gun near a dumpster.

The trial court properly summarily denied the motion to suppress the pistol since defendant failed to sufficiently allege facts which would have supported suppression (see, CPL 710.60 [1], [3] [b]). There is no dispute that the property was not recovered from defendant's person and in these circumstances he could have no expectation of privacy regarding the area where the gun was abandoned. Thus, defendant lacked standing to challenge the admission of the weapon (see, People v Wesley, 73 NY2d 351, 359 [1989]).

In this case, the prosecutor's attempted impeachment of the defendant did not exceed permissible limits. Moreover, proof of the defendant's guilt was overwhelming.

We have considered appellant's other arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.