■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STEVENSON, Appellant. [709 NYS2d 753] —Judgment unanimously reversed on the law, plea vacated, motion to suppress granted in part and matter remitted to Erie County Court for further proceedings on the indictment. Memorandum: In the early morning hours, two uniformed Buffalo police officers were patrolling Midway Avenue in an unmarked police vehicle. While outside a bar with a reputation for violence, one officer observed defendant standing behind a legally parked car. After

making eye contact with defendant, that officer observed defendant crouch and move from left to right as if he were moving something heavy. The officers approached defendant on foot and asked defendant to spread his legs and place his hands on the police vehicle. Upon frisking defendant, the officers discovered an ammunition clip. No weapon was recovered from defendant's person, but a loaded .45 caliber pistol was found on the street near the rear tire of the vehicle by which defendant had been standing. After defendant was placed under arrest, he made several inculpatory statements.

County Court erred in denying that part of defendant's motion seeking suppression of the ammunition clip. "[A] stop and frisk is a more obtrusive procedure than a mere request for information or a stop invoking the common-law right of inquiry, and as such normally must be founded on a reasonable suspicion that the particular person has committed or is about to commit a crime" (*People v Benjamin,* 51 NY2d 267, 270). "[W]here no more than a common-law right to inquire exists, a frisk must be based upon a reasonable suspicion that the officers are in physical danger and that defendant poses a threat to their safety" (*People v Hauser,* 80 AD2d 460, 462; *see, People v Russ,* 61 NY2d 693, 694-695). The movement of defendant combined with the location did not provide the officers with reasonable cause to believe that a crime was afoot or reasonable cause to believe that defendant was armed. The fact that defendant was located in a high crime area does not by itself justify the police conduct where, as here, there were no other objective indicia of criminality (*see, People v Powell,* 246 AD2d 366, 369-370, *appeal dismissed* 92 NY2d 886; *People v Hampton,* 200 AD2d 466, 468, *appeal dismissed* 83 NY2d 998).

Contrary to defendant's contention, however, the suppression of the ammunition clip does not require suppression of the gun or defendant's statements. Defendant abandoned the gun on the street before any contact with police, and thus it cannot be said that the abandonment was "coerced or precipitated by unlawful police activity" (*People v Ramirez-Portoreal,* 88 NY2d 99, 110; *see, People v Boodle,* 47 NY2d 398, 404-405, *cert denied* 444 US 969). Because defendant abandoned the gun, he lacked standing to challenge the search of the public street and the subsequent seizure of the gun (*see, People v Ramirez-Portoreal, supra,* at 110; *People v Brown,* 182 AD2d 451, 452, *lv denied* 80 NY2d 828). Once the gun was recovered, the police had probable cause to arrest defendant, and thus there is no basis to suppress defendant's subsequent statements as the product of an illegal frisk. (Appeal from Judgment of Erie County Court,

D'Amico, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.