# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**311**
**KA 11-02069**
PRESENT: SCUDDER, P.J., SMITH, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                       MEMORANDUM AND ORDER

DESMOND JOHNSON, DEFENDANT-RESPONDENT.

---

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS TEXIDO OF COUNSEL), FOR APPELLANT.

ANDREW C. LOTEMPIO, BUFFALO, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), dated June 16, 2011. The order granted the motion of the People for leave to reargue and, upon reargument, adhered to the prior order granting that part of defendant's motion seeking to suppress a handgun.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the motion to suppress the handgun is denied, and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.

Memorandum: Upon the motion of defendant seeking, inter alia, to suppress a handgun seized by police following an allegedly unlawful pursuit of defendant, Supreme Court granted that part of the motion to suppress the handgun. Following entry of the order granting that part of defendant's motion, the People moved for leave to reargue with respect thereto. The court granted the People's motion insofar as it sought leave to reargue and adhered to its prior determination. The People appealed from the original order and failed to appeal from the subsequent order entered on reargument, which superseded the original order (*see Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). We exercise our discretion to treat the notice of appeal as one taken from the subsequent order (*see* CPLR 5520 [c]; *see e.g. Kanter v Pieri*, 11 AD3d 912, 912), and now reverse.

The People do not contend that the court erred in determining that the pursuit of defendant by the police was unlawful (*see generally People v Holmes*, 81 NY2d 1056, 1057-1058; *People v De Bour*, 40 NY2d 210, 223). They do contend, however, and we agree, that the unlawful pursuit of defendant does not require suppression of the handgun. The undisputed testimony established that defendant "abandoned the [hand]gun . . . before any contact with police, and thus it cannot be said that the abandonment was 'coerced or

precipitated by unlawful police activity' " (*People v Stevenson*, 273 AD2d 826, 827, quoting *People v Ramirez-Portoreal*, 88 NY2d 99, 110; *see generally People v Boodle*, 47 NY2d 398, 404-405, *cert denied* 444 US 969).  The court therefore erred in rejecting the People's contention that the handgun was abandoned and in suppressing it (*see e.g. Stevenson*, 273 AD2d at 827; *see generally Ramirez-Portoreal*, 88 NY2d at 110; *Boodle*, 47 NY2d at 402-404).

Entered:  March 23, 2012

Frances E. Cafarell
Clerk of the Court