# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

540

KA 14-00958

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CHRISTOPHER L. WALTERS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ANTHONY M. ROSSI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 29, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress the weapon found by the police in the pocket of a sweatshirt that they recovered from an unoccupied seat on a city bus. According to defendant, the weapon should be suppressed because he was illegally detained by police for 1½ hours before they arrested him for possession of the weapon. We reject defendant's contention. The record of the suppression hearing establishes that the police asked defendant to leave the bus because he matched the description provided by an identified complainant. Before the complainant arrived for a showup identification procedure, a police officer returned to the bus to look for a black sweatshirt, based on the description of the suspect's clothing that was provided by the complainant, and the sweatshirt was located in a seat that was in proximity to where defendant was seated. The officer observed the gun in the pocket when he picked up the sweatshirt. Following the complainant's identification of defendant as the man who boarded the bus with a gun, defendant was transported to police headquarters; however, he was not formally charged until the police had reviewed the videotape from the bus, which showed him removing the sweatshirt and changing seats after the bus had stopped and the police arrived.

The court properly determined that defendant abandoned the gun

following proper police conduct and thus that he lacked standing to seek suppression of that evidence (*see People v Stevenson*, 273 AD2d 826, 827; *see also People v Hall*, 152 AD2d 905, 905-906, *affd* 74 NY2d 822; *see generally People v Ramirez-Portoreal*, 88 NY2d 99, 110).  In any event, contrary to defendant's contention, the 1½ hour detention during which the police obtained the videotape does not constitute an illegal detention (*cf. People v Ryan*, 12 NY3d 28, 30-31).  Indeed, the police had probable cause to arrest defendant at the scene following the positive identification of defendant and the seizure of the weapon (*see People v Williams*, 129 AD3d 1583, 1584, *lv denied* 26 NY3d 973; *cf. Ryan*, 12 NY3d at 30).

Entered:  June 17, 2016                              Frances E. Cafarell
                                                    Clerk of the Court