# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1100**

**KA 15-00432**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

FELTON M. OSTEEN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered January 7, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that the gun should have been suppressed as the "fruit of an illegal stop without probable cause." The suppression hearing testimony demonstrates that the officers were patrolling in the vicinity of a particular intersection known to them as a high-crime area when they observed defendant and another man conversing on the corner adjacent to a vacant lot. The officers observed the men looking around them constantly, "their heads on [a] swivel," until the men noticed the patrol car, at which point defendant "fixated" on it. One of the officers, who recognized defendant from "assisting on a couple of his previous arrests," one for narcotics and another for weapon possession, but who had forgotten defendant's name, called out to defendant from the patrol car, asking defendant to provide his name. Defendant gave his first name and immediately started walking toward the patrol car. At that point, the other officer asked the men what they were doing, and defendant said, "Nothing." Defendant walked up to and then past the patrol car until he reached its rear bumper, when he broke out into a run, away from the patrol car. The second officer, who had recognized defendant, got out of the patrol car to see why defendant was running and immediately saw that defendant was holding a handgun in his right hand. That officer drew his weapon and called out for defendant to stop, but defendant did not do so. That

officer gave chase and, right before apprehending defendant in the backyard of a residence, saw defendant throw the handgun over a fence into an adjoining yard.  Police subsequently recovered the loaded handgun from the driveway of that adjoining property.

We conclude that, in view of their knowledge and observations, the officers had an " 'articulable basis,' meaning an 'objective, credible reason not necessarily indicative of criminality,' " to support their request for information from defendant, including his name and his purpose for being at that location (*People v Valerio*, 274 AD2d 950, 951, *affd* 95 NY2d 924, *cert denied* 532 US 981, quoting *People v Ocasio*, 85 NY2d 982, 985; *see generally People v Garcia*, 20 NY3d 317, 322; *People v De Bour*, 40 NY2d 210, 223).  We further conclude that, when defendant fled from them with a weapon visible in his hand and disregarded their order to stop, the officers acquired probable cause, justifying their pursuit, stop, forcible detention, and arrest of defendant (*see People v Martinez*, 80 NY2d 444, 447-448; *People v Simmons*, 133 AD3d 1275, 1276-1277, *lv denied* 27 NY3d 1006; *see also People v Sierra*, 83 NY2d 928, 929-930).  Because defendant abandoned the gun during the chase in response to the lawful conduct of police, he lacks standing to challenge the seizure of the gun from the adjoining property (*see People v Walters*, 140 AD3d 1761, 1762, *lv denied* 28 NY3d 938; *People v Stevenson*, 273 AD2d 826, 827; *see generally People v Ramirez-Portoreal*, 88 NY2d 99, 110).

Finally, we reject defendant's contention that the period of postrelease supervision imposed is unduly harsh and severe.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court