Matter of Pigeon v Cerio (2018 NY Slip Op 00962)





Matter of Pigeon v Cerio


2018 NY Slip Op 00962


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, CARNI, DEJOSEPH, AND WINSLOW, JJ.


35 OP 17-01673

[*1]IN THE MATTER OF G. STEVEN PIGEON, PETITIONER,
v
HON. DONALD F. CERIO, JR., ACTING JUSTICE OF THE SUPREME COURT, ERIE COUNTY, AND ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, NEW YORK STATE, RESPONDENTS. 






LIPSITZ GREEN SCIME CAMBRIA, LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PETITIONER.
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR RESPONDENT ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, NEW YORK STATE.


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b]) to prohibit respondent Hon. Donald F. Cerio, Jr. from considering the motion of the People for leave to reargue and/or renew a suppression order. 
It is hereby ORDERED that the petition so appealed from is unanimously dismissed without costs and the stay is vacated.
Memorandum: The People commenced a criminal prosecution against petitioner, during which Hon. Donald F. Cerio, Jr. (respondent) issued an order granting petitioner's motion to suppress certain evidence. The People filed a notice of appeal regarding that order, with the requisite statement pursuant to CPL 450.50 (2). Before perfecting that appeal, however, the People moved for leave to reargue and/or renew that order, and respondent issued a scheduling order for that motion. Petitioner then commenced this CPLR article 78 original proceeding in the nature of prohibition seeking to prevent respondent from considering the People's motion during the pendency of the People's appeal. By order of this Court dated September 21, 2017, further proceedings in Supreme Court were stayed pending resolution of this petition.
"The extraordinary remedy . . . of prohibition . . . lies only where there is a clear legal right, and . . . only when a court . . . acts or threatens to act without jurisdiction in a matter . . . over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of State of New York v King, 36 NY2d 59, 62 [1975]; see Matter of Dondi v Jones, 40 NY2d 8, 13 [1976], rearg denied 39 NY2d 1058 [1976]). Supreme Court unquestionably has jurisdiction over the subject matter of a criminal prosecution of a felony (see CPL 10.10 [2] [a]; 10.20 [1] [a]), and thus the only issue before us is whether respondent exceeded his authorized powers by entertaining a motion for leave to reargue and/or renew after the People filed a CPL 450.50 (2) notice. Numerous cases from the Appellate Division have reviewed orders issued upon reargument after the People have filed a notice of appeal and a CPL 450.50 (2) statement from an original order (see e.g. People v Wyatt, 153 AD3d 1371, 1371 [2d Dept 2017], lv denied 30 NY3d 1024 [2017]; People v Campos, 56 AD3d 342, 342 [1st Dept 2008], lv denied 12 NY3d 781 [2009]), thus demonstrating that the motion court retains jurisdiction to consider motions for leave to reargue despite the filing of an appeal by the People. Indeed, in People v Johnson (93 AD3d 1317, 1317 [4th Dept 2012]), this Court deemed a People's appeal from an order to be an appeal from a subsequent order entered upon reargument. Consequently, we conclude that petitioner failed to establish that respondent is acting in excess of his authorized powers, and thus the petition is without merit.
Furthermore, the Court of Appeals has noted that, "even if there has been an excess of jurisdiction or power, the extraordinary remedy will not lie if there is available an adequate remedy at law, of which appeal is but one, which may bar the extraordinary remedy" (King, 36 NY2d at 62). Thus, even assuming, arguendo, that respondent exceeded his authorized powers by granting leave to reargue and/or renew, we note that it is "well settled that [a] CPLR article 78 proceeding is not the appropriate method to seek review of issues that could be raised on direct appeal' " (Matter of Wisniewski v Michalski, 114 AD3d 1188, 1188 [4th Dept 2014]). Here, "there is an adequate remedy at law by way of a direct appeal" (Matter of Alomari v Pietruszka, 298 AD2d 949, 949-950 [4th Dept 2002], appeal dismissed and lv denied 99 NY2d 566 [2003]), and thus this proceeding must also be dismissed on that basis.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court