■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KRZYSTOF KUBERKA, Appellant. [626 NYS2d 855] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered January 11, 1993, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (three counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of his application to renew that branch of his omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

We agree with the defendant that the Supreme Court erred in denying his renewed motion for a hearing on his application to suppress certain physical evidence seized from his apartment. Prior to trial, the defendant moved, *inter alia,* to suppress evidence allegedly seized pursuant to a warrantless search after he was purportedly arrested in violation of *Payton v New York* (445 US 573) or, in the alternative, for a hearing on the suppression issue. In an opposing affirmation, the People claimed, *inter alia,* that "the defendant was arrested as he was leaving the house where the incident occurred" and that "the property recovered from the defendant's house was recovered pursuant to a valid search warrant". Based upon these representations, the court summarily denied the application.

Thereafter, during a trial at which a different Justice presided, the complainant testified that when she was at the police station shortly after the incident, an officer appeared with a BB gun which the defendant had displayed to her on the night of the crime. The prosecutor subsequently offered the BB gun and a knife recovered from the defendant's apartment into evidence. At the conclusion of the complainant's direct testimony, the defendant's counsel objected to the introduction of these weapons and renewed the application for a *Mapp* hearing, contending that these items had been unlawfully seized prior to the issuance of the search warrant. Counsel further noted that the application to suppress physical evidence had been denied based upon the prosecution's

representation that the evidence was seized pursuant to a search warrant, and that counsel had relied upon that representation. The court denied the motion to renew.

Subsequently, a police officer testified that she had arrested the defendant inside his apartment and that upon a search of the premises at that time, the officer removed, *inter alia,* the BB gun and the knife. Following this testimony, the defendant's counsel again moved to renew the suppression application, *inter alia,* on the ground that the defendant had been unlawfully arrested in his apartment without a warrant. The court again denied the motion.

The defendant's motion to renew should have been granted under these circumstances. The record clearly demonstrates that additional pertinent facts were discovered at trial which could not have been discovered with reasonable diligence before the determination of the original motion *(see,* CPL 710.40 [4]; *People v Perez,* 104 AD2d 454). In the absence of any contrary information, the defendant was entitled to rely upon the People's misrepresentations that the defendant was lawfully arrested as he left his apartment and that all of the physical evidence recovered from his apartment was validly seized pursuant to a search warrant. Indeed, it is obvious that the Supreme Court's summary denial of the original application to suppress was based upon these misrepresentations and upon the People's failure to comply with the obligation to provide complete and accurate disclosure *(see, People v Perez, supra,* 104 AD2d 454; *People v Stroud,* 63 AD2d 721). In this regard, we find unpersuasive the People's contention that the turning over of certain documents to the defense before trial clarified the prior misleading representations or required the defendant to move to renew at an earlier point in the case. Furthermore, the People's error cannot be deemed harmless under the circumstances of this case. Accordingly, we remit the matter to the Supreme Court for the purpose of conducting a hearing with respect to the *Payton* and *Mapp* issues raised by the defendant regarding the suppression of property seized at the time of the defendant's arrest, including, *inter alia,* the BB gun and knife, and the appeal is held in abeyance in the interim.

We reach no other issues at this juncture. Sullivan, J. P., Copertino, Pizzuto and Krausman, JJ., concur.