# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1027
KA 11-00807
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

MICHAEL J. KEITZ, DEFENDANT-APPELLANT.

---

PETER O. EINSET, GENEVA, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JASON A. MACBRIDE OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered January 5, 2011. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of assault in the second degree (Penal Law § 120.05 [7]). Defendant contends that he did not plead guilty or admit guilt and thus that he was not convicted of the charge brought against him. At the start of the plea proceeding, defendant agreed that he would plead guilty to assault in the second degree. He indicated that he was pleading guilty of his own free will and after having had sufficient time to discuss it with his attorney. When County Court asked defendant "[h]ow do you plead," defendant responded "[y]es." Thereafter, the court asked defendant specific questions about the charge, and defendant made various admissions. We conclude that the plea allocution as a whole establishes that "defendant understood the charges and made an intelligent decision to enter a plea" (*People v Goldstein*, 12 NY3d 295, 301).

To the extent that defendant's contention that he was denied effective assistance of counsel survives his guilty plea (*see People v Bethune*, 21 AD3d 1316, 1316, *lv denied* 6 NY3d 752), we conclude that it lacks merit. Defendant "receive[d] an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (*People v Ford*, 86 NY2d 397, 404).

Entered: October 5, 2012

Frances E. Cafarell
Clerk of the Court