# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1470

KA 11-00927

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ENNIS E. RUFFIN, DEFENDANT-APPELLANT.

---

ROBERT M. PUSATERI, CONFLICT DEFENDER, LOCKPORT (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

ENNIS E. RUFFIN, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered October 7, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in or near school grounds.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44 [2]), defendant contends in his main brief that his plea allocution was not factually sufficient. Defendant, on appeal, does not challenge the validity of his waiver of the right to appeal, however, and thus his contention is encompassed by that waiver (*see People v Lewandowski*, 82 AD3d 1602, 1602). We further conclude that "the challenge by defendant [in his main brief] to the sufficiency of the evidence before the grand jury is forfeited by his guilty plea" (*People v Dickerson*, 66 AD3d 1371, 1372, *lv denied* 13 NY3d 859; *see People v Dunbar*, 53 NY2d 868, 871).

In addition, by pleading guilty, defendant forfeited his contention in his pro se supplemental brief with respect to preindictment prosecutorial misconduct (*see People v Di Raffaele*, 55 NY2d 234, 240; *People v Oliveri*, 49 AD3d 1208, 1209). Finally, defendant contends in his pro se supplemental brief that he was denied effective assistance of counsel. That contention does not survive his guilty plea or his waiver of the right to appeal because "[t]here is no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v*

*Robinson*, 39 AD3d 1266, 1267, *lv denied* 9 NY3d 869 [internal quotation marks omitted]).