# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1243**
**KA 13-01610**
PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

SCOTT A. MILLIMAN, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

SCOTT A. MILLIMAN, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered June 25, 2013. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [3]). We note at the outset that, " '[a]lthough the crime of attempted assault in the second degree pursuant to Penal Law § 120.05 (3) is a legal impossibility (*see People v Campbell*, 72 NY2d 602, 607), a defendant may plead guilty to a nonexistent crime in satisfaction of an indictment charging a crime for which a greater penalty may be imposed' " (*People v McFadden*, 28 AD3d 1245, 1245, *lv denied* 7 NY3d 792). Defendant validly waived the right to appeal, and that valid waiver encompasses the challenge in defendant's main brief to the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256; *see generally People v Lococo*, 92 NY2d 825, 827). Although defendant's contention in his main brief that his plea was not knowingly, intelligently, and voluntarily entered survives his waiver of the right to appeal (*see People v Bishop*, 115 AD3d 1243, 1244, *lv denied* 23 NY3d 1018), we reject that contention. "[T]he plea allocution as a whole establishes that 'defendant understood the charges and made an intelligent decision to enter a plea' " (*People v Keitz*, 99 AD3d 1254, 1255, *lv denied* 20 NY3d 1012, *reconsideration denied* 21 NY3d 913, quoting *People v Goldstein*, 12 NY3d 295, 301). Moreover, "nothing [defendant] said raised the possibility of a viable justification defense" (*People v Spickerman*, 307 AD2d 774, 775, *lv denied* 100 NY2d 624; *cf. People v Ponder*, 34 AD3d 1314, 1315).

" '[T]he challenge by defendant [in his pro se supplemental brief] to the sufficiency of the evidence before the grand jury is forfeited by his guilty plea' " (*People v Ruffin*, 101 AD3d 1793, 1793, *lv denied* 21 NY3d 1019; *see People v Anderson*, 90 AD3d 1475, 1477, *lv denied* 18 NY3d 991).  Finally, we have reviewed the remaining contentions in defendant's pro se supplemental brief, and to the extent they are properly before us in the context of defendant's guilty plea, we conclude that they are without merit.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court