# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**414**

**KA 13-01710**

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

MICHAEL JUNE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL JUNE, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered April 15, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). In 2003, defendant was previously convicted, also upon his plea of guilty, of two counts of robbery in the first degree (§ 160.15 [2]), and one count of robbery in the second degree (§ 160.10 [2] [b]). This Court affirmed the prior judgment (*People v June*, 30 AD3d 1016, *lv denied* 7 NY3d 813, *reconsideration denied* 7 NY3d 868). After defendant was released on parole, his parole officer discovered during a routine home visit that defendant had violated multiple conditions of his parole. As a result of the multiple parole violations, the parole officer and her partner conducted a more thorough search of defendant's bedroom, and they ultimately discovered a handgun on defendant's bookshelf.

We reject defendant's contention that County Court erred in sentencing him as a second violent felony offender, inasmuch as he failed to meet his burden of establishing that his prior felony convictions were obtained unconstitutionally (*see* CPL 400.21 [7] [b]; *People v Harris*, 61 NY2d 9, 15). Defendant's constitutional challenges to his prior convictions have previously been litigated and were rejected on his direct appeal as well as in his numerous attempts at securing postconviction relief pursuant to CPL article 440 (*see*

*e.g. June*, 30 AD3d at 1017).

We also reject defendant's contention in his main and pro se supplemental briefs that the court erred in refusing to suppress the handgun recovered from his bedroom by the parole officers. It is well settled that a parole officer may conduct a warrantless search where, as here, " 'the conduct of the parole officer was rationally and reasonably related to the performance of the parole officer's duty' " (*People v Nappi*, 83 AD3d 1592, 1593, *lv denied* 17 NY3d 820, quoting *People v Huntley*, 43 NY2d 175, 181; *see People v Davis*, 101 AD3d 1778, 1779, *lv denied* 20 NY3d 1060; *People v Johnson*, 94 AD3d 1529, 1531-1532, *lv denied* 19 NY3d 974). As previously noted herein, the parole officers discovered multiple parole violations during a routine home visit, and they found the handgun after intensifying their search based on the increasing number of parole violations, some of which were indicative of the presence of contraband.

Contrary to defendant's contention in his pro se supplemental brief, we conclude that defendant's plea was knowingly, intelligently, and voluntarily entered, despite the fact that he was not specifically informed of a condition of his parole. Based on our review of the colloquy, we conclude that the court made " 'sure [that defendant] ha[d] full understanding of what the plea connot[ed] and of its consequence[s]' " (*Harris*, 61 NY2d at 19; *see People v Catu*, 4 NY3d 242, 244-245). Finally, we reject defendant's contention that he was deprived of effective assistance of counsel with regard to his motion to withdraw his guilty plea. Defense counsel "was under no obligation to amplify defendant's unsupported assertions" (*People v Castro*, 242 AD2d 445, 445, *lv denied* 90 NY2d 1010), and the record establishes that defense counsel's statements regarding the motion were not adverse to defendant (*see People v Wester*, 82 AD3d 1677, 1678, *lv denied* 17 NY3d 803). In any event, "even if defendant is correct that the statements were adverse to him, the record conclusively establishes that [County] Court's 'rejection of [the] motion was not influenced by' those statements" (*id.*).

We have considered defendant's remaining contention and conclude that it is without merit.

Entered:  May 1, 2015                              Frances E. Cafarell
                                                   Clerk of the Court