# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**440**

**KA 12-01580**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARCUS WILLIAMS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

MARCUS WILLIAMS, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered January 10, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends in his main and pro se supplemental briefs that Supreme Court erred in refusing to suppress his pre- and post-*Miranda* statements because the police arrested him without probable cause. We reject that contention. As an initial matter, we conclude that the police had the requisite reasonable suspicion that a crime had been committed to justify their pursuit and detention of defendant (*see People v Martinez*, 80 NY2d 444, 447; *see generally People v De Bour*, 40 NY2d 210, 223). A police captain heard gunshots, and an identified citizen then gave him a description of the shooter and his direction of flight from the area in which the gunshots originated. Other police officers who heard the broadcast description of the shooter observed defendant in a driveway approximately two blocks from the scene of the shooting, and he was nervous, sweating and breathing heavily. The police observed that he matched the description of the suspect, and he fled when he saw the unmarked patrol car. Defendant ran behind a house out of the sight of an officer who pursued him, but he emerged quickly with his hands up. Although defendant was frisked, no weapon was recovered from his person. He was handcuffed, and other police officers quickly recovered a gun inside a grill in the backyard of the house behind

which defendant had run.  As the police were conducting a showup identification procedure with the identified citizen, who was brought to the scene where defendant was detained, defendant spontaneously yelled out to his family nearby the name of the identified citizen and that this person had seen defendant shoot the gun.  Defendant was arrested and, after being advised of his *Miranda* rights, he gave an inculpatory statement to the police.  "The information known to the police when they placed defendant in handcuffs and held him for a showup identification supported a reasonable suspicion of criminal activity . . . [, i.e.,] that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v Dumbelton*, 67 AD3d 1451, 1452, *lv denied* 14 NY3d 770 [internal quotation marks omitted]).  Based on defendant's spontaneous admission, the police had probable cause to arrest him during the showup identification procedure.

We have considered defendant's remaining contentions in his pro se supplemental brief and conclude that none requires modification or reversal.  Defendant's challenge to the sufficiency of the evidence before the grand jury is forfeited by his guilty plea (*see People v Milliman*, 122 AD3d 1437, 1438).  Finally, we conclude that the court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea because his "conclusory and unsubstantiated claim of innocence is belied by his admissions during the plea colloquy" (*People v Garner*, 86 AD3d 955, 955).

Entered:  June 19, 2015                         Frances E. Cafarell
                                                Clerk of the Court