# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

441
KA 13-00646
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

HOWARD E. JOHNSON, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered January 31, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that County Court erred in refusing to suppress, as the product of an unlawful search and seizure, the gun found by a team of parole warrant enforcement officers on his person and his statements to the officers. According to defendant, his rights under *Payton v New York* (445 US 573) were violated when, about four months after he absconded from parole supervision, the officers entered his house with only a parole violation warrant, but without a judicial arrest or search warrant. We reject that contention. "Under the Federal Constitution, it is clear that a parolee or a probationer may be arrested in his [or her] home without a judicial warrant" (*People v Hernandez*, 218 AD2d 167, 171, *lv denied* 88 NY2d 936, 1068; *see generally Samson v California*, 547 US 843, 850-857). A parole violation warrant by itself justifies the entry of the residence for the purposes of locating and arresting the defendant therein (*see Cook v O'Neill*, 803 F3d 296, 300), provided that, as here, the officers "reasonably believe[d] the defendant to be present" in the premises (CPL 120.80 [4]). In any event, the conduct of the officers in searching the premises for defendant and, following his arrest, in searching his pockets "was rationally and reasonably related to the performance of the parole officer[s'] duty" (*People v*

*Huntley*, 43 NY2d 175, 181), and thus the officers' conduct would have been permissible even in the absence of a parole violation warrant (*see People v June*, 128 AD3d 1353, 1354, *lv denied* 26 NY3d 931; *People v Nappi*, 83 AD3d 1592, 1593-1594, *lv denied* 17 NY3d 820).