■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL V. GILER, Appellant. [49 NYS3d 748]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 27, 2015, convicting him of petit larceny and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Paynter, J.), after a hearing (Cooperman, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence, namely, a cell phone recovered from the defendant at the time of his arrest. The hearing testimony established that the police had probable cause to arrest the defendant (*see* CPL 70.10 [2]). Contrary to the defendant's contention, the testimony of the arresting police officer at the hearing does not appear patently tailored to nullify constitutional objections (*see People v Lewis*, 195 AD2d 523 [1993]; *People v Miret-Gonzalez*, 159 AD2d 647,

649 [1990]). This testimony was properly credited by the hearing court (*see People v Spann,* 82 AD3d 1013 [2011]; *People v Glenn,* 53 AD3d 622 [2008]).

The defendant's motion to reopen the suppression hearing was properly denied (*see* CPL 710.40 [4]; *People v Mercado,* 62 NY2d 866 [1984]; *People v Kuberka,* 215 AD2d 592 [1995]). The asserted discrepancy between the arresting officer's testimony at the hearing and a statement he allegedly made after the hearing would not materially affect the suppression determination (*see People v Clark,* 88 NY2d 552, 555 [1996]; *People v Robinson,* 138 AD3d 764 [2016]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.