People v Taylor (2021 NY Slip Op 04297)





People v Taylor


2021 NY Slip Op 04297


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


319 KA 19-00222

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAWRENCE TAYLOR, DEFENDANT-APPELLANT. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered March 27, 2017. The judgment convicted defendant upon a plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law
§ 160.15 [4]). We affirm. We agree with defendant that his waiver of the right to appeal is invalid. Although no "particular litany" is required for a valid waiver of the right to appeal (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]), here, defendant's waiver of the right to appeal is invalid because Supreme Court's oral colloquy mischaracterized it as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US — , 140 S Ct 2634 [2020]; see People v Harlee, 187 AD3d 1586, 1587 [4th Dept 2020], lv denied 36 NY3d 929 [2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (Thomas, 34 NY3d at 567, citing NY Model Colloquies, Waiver of Right to Appeal).
Additionally, although defendant signed a purported written waiver during the plea colloquy, that document did not correct any defects in the court's oral colloquy because "[t]he court did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]).
Defendant contends that his plea was not knowingly, voluntarily, or intelligently entered because the court failed to apprise him of his right to have his guilt proven beyond a reasonable doubt and because the court coerced him into accepting the plea. By not moving to withdraw the plea or to vacate the judgment of conviction, defendant failed to preserve that contention (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Darling, 125 AD3d 1279, 1279 [4th Dept 2015], lv denied 25 NY3d 1071 [2015]; People v Boyd, 101 AD3d 1683, 1683 [4th Dept 2012]). Contrary to defendant's contention, this case does not fall within the "rare exception to the preservation rule" (Wilkes, 160 AD3d at 1491 [internal quotation marks omitted]; see People v Lopez, 71 NY2d 662, 666 [1988]).
In any event, defendant's challenge to the voluntariness of the plea is without merit. It is well settled that there is no "uniform mandatory catechism of pleading defendants" (People v Nixon, 21 NY2d 338, 353 [1967], cert denied sub nom. Robinson v New York, 393 US 1067 [1969]; see People v Harris, 61 NY2d 9, 16-17 [1983]), and a plea is not rendered invalid " 'solely because the [t]rial [j]udge failed to specifically enumerate all the rights to which the [*2]defendant was entitled' " (People v Tyrell, 22 NY3d 359, 365 [2013]), including the right to have his or her guilt proven beyond a reasonable doubt (see People v Johnson, 60 AD3d 1496, 1496 [4th Dept 2009], lv denied 12 NY3d 926 [2009]).
We also reject defendant's contention that the court coerced him into pleading guilty. That contention is belied by the record because, at the plea colloquy, defendant denied that he had been threatened or otherwise pressured into pleading guilty (see People v Pitcher, 126 AD3d 1471, 1472 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]). The court's statement "that defendant was required to accept or reject the plea offer within a short time period does not amount to coercion" (People v Carr, 147 AD3d 1506, 1507 [4th Dept 2017], lv denied 29 NY3d 1030 [2017] [internal quotation marks omitted]; see People v Green, 140 AD3d 1660, 1661 [4th Dept 2016], lv denied 28 NY3d 930 [2016]). Further, the court did not coerce defendant into pleading guilty by merely commenting on the strength of the People's evidence (see Pitcher, 126 AD3d at 1472), or by informing him of the range of sentences he faced if he proceeded to trial and was convicted (see Carr, 147 AD3d at 1507; Pitcher, 126 AD3d at 1472; People v Boyde, 71 AD3d 1442, 1443 [4th Dept 2010], lv denied 15 NY3d 747 [2010]).
We reject defendant's contention that he was deprived of effective assistance of counsel. " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Singletary, 51 AD3d 1334, 1335 [3d Dept 2008], lv denied 11 NY3d 741 [2008]). Here, defense counsel negotiated a favorable plea, and defendant has not demonstrated "the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings at the plea colloquy (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]; People v Meddaugh, 150 AD3d 1545, 1547-1548 [3d Dept 2017]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court