People v Whaley (2022 NY Slip Op 03631)

People v Whaley

2022 NY Slip Op 03631

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

410 KA 20-01084

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALLEN WHALEY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE, MCCARTHY LAW, KEENE VALLEY (NOREEN E. MCCARTHY OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 20, 2020. The judgment convicted defendant upon his plea of guilty of aggravated family offense. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated family offense (Penal Law
§ 240.75). Initially, we agree with defendant that his waiver of the right to appeal is invalid. County Court's explanation that defendant's waiver would foreclose any review by a higher court "utterly 'mischaracterized the nature of the right [to appeal that] defendant was being asked to cede' " (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Youngs, 183 AD3d 1228, 1229 [4th Dept 2020], lv denied 35 NY3d 1050 [2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Brooks, 187 AD3d 1587, 1588 [4th Dept 2020], lv denied 36 NY3d 1049 [2021] [internal quotation marks omitted]).
Defendant contends that the People failed to file a special information pursuant to CPL 200.60 alleging, inter alia, that he was previously convicted of a specified offense as defined in Penal Law
§ 240.75 (2) and that "at the time of the previous offense the defendant and the person against whom the offense was committed were members of the same family or household" (CPL 200.63 [1]). That procedural defect, however, was waived by defendant's guilty plea (see People v Sanchez, 55 AD3d 460, 460-461 [1st Dept 2008], lv denied 11 NY3d 930 [2009]; People v Downs, 26 AD3d 525, 526 [3d Dept 2006], lv denied 6 NY3d 847 [2006]; People v Khan, 291 AD2d 898, 899 [4th Dept 2002]). We further conclude that defendant's contention that the count of the indictment to which he pleaded guilty was duplicitous is not preserved for our review and, in any event, that contention was waived by his guilty plea (see People v Lewis, 138 AD3d 1346, 1347-1348 [3d Dept 2016], lv denied 28 NY3d 1073 [2016]).
Defendant's contention that the court erred in denying his request to withdraw his plea of guilty lacks merit. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010] [internal quotation marks omitted]; see People v Manor, 27 NY3d 1012, 1013-1014 [2016]). Here, the record establishes that the court afforded defendant the requisite "reasonable opportunity to present his contentions" (People v Tinsley, 35 NY2d 926, 927 [1974]; see People v Carter—Doucette, 124 AD3d 1323, 1324 [4th Dept 2015], lv denied 25 NY3d 988 [2015]). Furthermore, the court did not err in denying that request inasmuch as defendant's "conclusory and unsubstantiated claim[s] of innocence [were] belied by his admissions during the plea [*2]colloquy" (People v Garner, 86 AD3d 955, 955 [4th Dept 2011]; see People v Nichiporuk, 170 AD3d 1597, 1598-1599 [4th Dept 2019]; People v Williams, 129 AD3d 1583, 1585 [4th Dept 2015], lv denied 26 NY3d 973 [2015]).
Defendant further contends that the presentence report (PSR) contains inaccurate information concerning the charge to which defendant pleaded guilty and that the sentence should therefore be vacated. We reject that contention. The sentencing transcript demonstrates that the court "did not rely on any materially untrue assumptions or misinformation" in the PSR when determining the appropriate sentence (People v Dimmick, 53 AD3d 1113, 1113 [4th Dept 2008], lv denied 11 NY3d 831 [2008]; see generally People v Outley, 80 NY2d 702, 712 [1993]). Defendant failed to preserve for our review his further contention that the court should have ordered the probation department to prepare a new PSR (see People v Gibbons, 101 AD3d 1615, 1616 [4th Dept 2012]; see also People v Roberts, 126 AD3d 1481, 1481 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]; see generally CPL 470.05 [2]; People v Williams, 94 AD3d 1527, 1527 [4th Dept 2012], lv denied 19 NY3d 1106 [2012]). We decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Defendant further contends that he was deprived of effective assistance of counsel. Insofar as that contention survives defendant's plea of guilty (see People v Pitcher, 126 AD3d 1471, 1473 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]; see generally People v Bethune, 21 AD3d 1316, 1316 [4th Dept 2005], lv denied 6 NY3d 752 [2005]), we reject it. " 'In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel' " (People v Oliver [appeal No. 2], 162 AD3d 1722, 1723 [4th Dept 2018]). Here, defense counsel negotiated a favorable plea, and defendant has not demonstrated "the absence of strategic or other legitimate explanations" for counsel's alleged shortcomings (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Taylor, 196 AD3d 1050, 1052 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]; People v Booth, 158 AD3d 1253, 1255 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]).
Defendant's remaining contentions do not warrant reversal or modification of the judgment on appeal.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court