People v McCracken (2023 NY Slip Op 03614)

People v Mccracken

2023 NY Slip Op 03614

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

426 KA 17-00900

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES D. MCCRACKEN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered March 13, 2017. The judgment convicted defendant upon a plea of guilty of murder in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). Initially, we agree with defendant that the waiver of the right to appeal is invalid and unenforceable. Although Supreme Court informed defendant that the waiver of the right to appeal was "separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]), the court also stated that defendant would be "waiving any and all rights to appeal from the judgment of conviction," including any pre-trial rulings and "all post-conviction challenges." Such overbroad and inaccurate statements render waivers of the right to appeal invalid (see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Zabko, 206 AD3d 1642, 1642-1643 [4th Dept 2022]; People v Hughes, 199 AD3d 1332, 1333 [4th Dept 2021]). The written waiver did not cure the court's inaccurate statements. Rather, "it perpetuated the oral colloquy's mischaracterization of the waiver of the right to appeal as an absolute bar to the taking of an appeal by stating that defendant was '[waiving] any and all rights to appeal from the judgment' and that 'the plea agreement [and appeal waiver] . . . [would] be a complete and final disposition of this matter' " (People v Josue F., 191 AD3d 1483, 1484 [4th Dept 2021], lv denied 37 NY3d 957 [2021]; see Thomas, 34 NY3d at 566; Hughes, 199 AD3d at 1333).
Inasmuch as the waiver of the right to appeal is invalid, we address defendant's contention that the court erred in refusing to hold a hearing to address a suppression issue (see generally People v Kemp, 94 NY2d 831, 833 [1999]). In his omnibus motion, defendant sought to suppress his statements to the police and tangible evidence seized from his home, contending that he was improperly arrested in his residence in violation of Payton v New York (445 US 573 [1980]). Defendant was the subject of an outstanding parole warrant that had been issued at least nine days before the instant crime was committed. Although the court initially determined that defendant was entitled to a hearing on the Payton issue, it subsequently denied defendant's hearing request on the ground that one was not required in light of our holding in People v Johnson (140 AD3d 1630, 1631 [4th Dept 2016], lv denied 28 NY3d 1028 [2016]). Specifically, the court determined that, based on Johnson, the parole warrant was enough, by itself, to justify the entry of police officers into defendant's residence to arrest him. The court further determined, without conducting a hearing but having reviewed the conditions of defendant's parole, that the parole warrant was "facially sufficient [due to] [d]efendant absconding from parole supervision." However, although not specifically stated in our memorandum decision, the trial court in Johnson reached its decision after holding a combined Payton and Huntley hearing, [*2]and " '[w]e can and do take judicial notice of the record on appeal' in that case" (People v Flanders, 111 AD3d 1263, 1265 [4th Dept 2013], affd 25 NY3d 997 [2015]). We thus conclude that Johnson does not stand for the proposition that a defendant is limited solely to a facial challenge whenever the defendant is arrested in their residence under the authority of a parole warrant, nor does it stand for the proposition that a hearing is always required even if unsupported by a defendant's motion papers. Nevertheless, the case does inform our analysis.
In Johnson, we recognized that, " '[u]nder the Federal Constitution, it is clear that a parolee or a probationer may be arrested in [their] home without a judicial warrant' . . . A parole violation warrant by itself justifies the entry of the residence for the purposes of locating and arresting the defendant therein . . . provided that, as here, the officers 'reasonably believe[d] the defendant to be present' in the premises (CPL 120.80 [4])" (140 AD3d at 1631). In that case, however, the People had established at the hearing the validity of and the grounds for the parole warrant. Here, the court declined to hold a hearing on the validity of the parole warrant, despite making a factual determination that defendant had absconded from parole. Inasmuch as defendant challenged the factual basis for and the continued validity of the parole violation warrant at the time of his arrest, which he alleged was executed solely by police officers unaccompanied by parole officers, that was error.
Pursuant to 9 NYCRR 8004.2 (a), a parole violation warrant cannot be issued without "probable cause to believe that [the parolee] has violated one or more of the conditions of their release." "Probable cause exists when evidence or information which appears reliable discloses facts or circumstances that would convince a person of ordinary intelligence, judgment and experience that it is more probable than not that the subject releasee has committed the acts in question" (9 NYCRR 8004.2 [b]). If a parole officer believes that there is probable cause that the parolee has violated a condition of release "in an important respect," that parole officer is required to report that to the parole board "or a designated officer," such as a senior parole officer (9 NYCRR 8004.2 [a]), at which time "a notice of violation may be approved" (9 NYCRR 8004.2 [c]) and a warrant for "retaking and temporary detention may [be] issue[d]" by, among others, a designated officer (9 NYCRR 8004.2 [d]). Notably, a parole violation warrant may be administratively canceled "[a]t any time" after it is issued (9 NYCRR 8004.11 [a]).
Here, inasmuch as defendant sufficiently raised the Payton issue in his omnibus motion, and the People's opposition papers did not resolve the issue as a matter of law, the court should have afforded defendant the opportunity to put the People to their proof regarding the alleged probable cause for the warrant, i.e., absconding, and whether the warrant was still active at the time defendant was arrested (see generally People v Searight, 162 AD3d 1633, 1635 [4th Dept 2018]). Under these circumstances, we hold the case and remit the matter for an evidentiary hearing with respect to the Payton issues raised by defendant (see People v Kuberka, 215 AD2d 592, 593 [2d Dept 1995]).
In light of our determination, we do not address defendant's remaining contention.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court