People v McCracken (2024 NY Slip Op 04866)

People v Mccracken

2024 NY Slip Op 04866

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

570 KA 17-00900

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES D. MCCRACKEN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered March 13, 2017. The appeal was held by this Court by order entered June 30, 2023, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (217 AD3d 1543 [4th Dept 2023]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). We previously held this case, reserved decision, and remitted the matter to Supreme Court to conduct a hearing to determine whether defendant was unlawfully arrested in his home in violation of Payton v New York, 445 US 573 (1980) (People v McCracken, 217 AD3d 1543 [4th Dept 2023]). Upon remittal, the court determined following the Payton hearing that the police lawfully arrested defendant pursuant to a parole warrant. More specifically, the court determined that the warrant had been issued upon probable cause to believe that defendant had absconded from parole supervision and that the warrant was still active at the time of defendant's arrest. Although defendant has not submitted a new brief on resubmission, he has notified this Court that he is relying on the arguments he made in writing to the court following the hearing. We conclude that the evidence at the hearing amply supports the court's determination that defendant was lawfully arrested in his home pursuant to a valid parole warrant (see People v Johnson, 140 AD3d 1630, 1631 [4th Dept 2016], lv denied 28 NY3d 1028 [2016]).
Defendant's remaining contention, raised in his initial brief, is that his plea was involuntarily entered. Because defendant did not move to withdraw his plea or to vacate the judgment of conviction, however, he failed to preserve his contention for our review (see People v Williams, 198 AD3d 1308, 1309 [4th Dept 2021], lv denied 37 NY3d 1149 [2021]; People v Boyd, 101 AD3d 1683, 1683 [4th Dept 2012]), and "this case does not fall within the rare exception to the preservation rule" (People v Taylor, 196 AD3d 1050, 1051 [4th Dept 2021], lv denied 37 NY3d 1099 [2021] [internal quotation marks omitted]; see People v Bellamy, 170 AD3d 1653, 1654 [4th Dept 2019]; see generally People v Lopez, 71 NY2d 662, 666 [1988]).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court